J-S21015-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DONTAE WILLIAMS, | |
| Appellant | No. 1821 EDA 2012 |

Appeal from the Judgment of Sentence May 22, 2012
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):
CP-51-CR-0014802-2010
CP-51-CR-0014806-2010
CP-51-CR-0014807-2010

BEFORE: BENDER, P.J.E., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.: **FILED APRIL 29, 2016**

Dontae Williams appeals from the judgment of sentence of fifteen to thirty years' incarceration, imposed May 22, 2012, following a jury trial resulting in his conviction for three counts of attempted murder, one count of conspiracy, and numerous related offenses.[1] We affirm.

---

[*] Former Justice specially assigned to the Superior Court.

[1] Each docket corresponds to a victim in this case. At Docket No. CP-51-CR-0014802-2010, Appellant was convicted of attempted murder, aggravated assault, conspiracy, firearms not to be carried without a license, carrying firearms on public streets in Philadelphia, possessing instruments of crime, and recklessly endangering another person. Respectively, *see* 18 Pa.C.S. §§ 901, 2702, 903, 6106, 6108, 907, and 2705. At Docket No. CP-51-CR-0014806-2010, Appellant was convicted of attempted murder, aggravated

*(Footnote Continued Next Page)*

In September 2010, Appellant and an unknown male together approached and began shooting at Mr. Angel Perez in the area of the 3300 block of F Street in Philadelphia. Mr. Perez drew a gun and returned fire. Mr. Perez suffered a gunshot wound. At the time of the assault, Ms. Lourdes Carcamo and her three-year-old daughter were walking on the street near their home. Both were struck by errant gunfire and injured.

Appellant was arrested and charged with numerous offenses.[2] At Docket No. CP-51-CR-0014802-2010, the charges listed include two counts of conspiracy. *See* Docket at p. 3. This is not readily explainable, as only a single conspiracy charge was listed in the underlying criminal complaint. In December 2010, Appellant filed a motion to quash, asserting insufficient evidence to proceed beyond a preliminary hearing on any charge. In February 2011, the trial court quashed a conspiracy charge.

A jury trial commenced in January 2012. Following trial, a jury convicted Appellant of the charges outlined above. In May 2012, the trial court sentenced Appellant to three consecutive, five to ten year periods of

---

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

assault, and recklessly endangering another person. Respectively, *see* 18 Pa.C.S. §§ 901, 2702, and 2705. At Docket No. CP-51-CR-0014807-2010, Appellant was convicted of attempted murder, aggravated assault, and recklessly endangering another person. Respectively, *see* 18 Pa.C.S. §§ 901, 2702, and 2705.

[2] Incidentally, Mr. Perez also incurred charges stemming from this incident. His trial was later consolidated with Appellant's trial.

incarceration on the attempted murder convictions. No further penalty was imposed on the remaining convictions.

Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement. However, no trial court opinion was issued as the presiding judge had retired. Following a lengthy delay awaiting the preparation of trial transcripts, Appellant filed a supplemental Rule 1925(b) statement. Again, no trial court opinion was issued.

Appellant raises the following issues:

1. [Whether] the court err[ed] by allowing the conspiracy charge to go to the jury after the charge had been quashed before trial by a judge of coequal jurisdiction[; and]

2. [Whether] the evidence [was] insufficient to prove 18 Pa.C.S. § 6106 (firearms not to be carried without a license) when the evidence established that [A]ppellant came down the street firing a gun, but there was no evidence that the gun was carried in a vehicle or was concealed on his person[.]

Appellant's Brief, at 2.

Appellant contends that the Commonwealth wrongly proceeded on a conspiracy charge after it had been quashed. This procedural issue raises a question of law. *See Commonwealth v. Weigle*, 997 A.2d 306, 311 (Pa. 2010). "[A]s such, our scope of review is plenary and our standard of review is *de novo*." *Id.*

Initially, we note that Appellant failed to timely raise this issue before the trial court despite multiple opportunities. For example, following the

opening statement by the Commonwealth, the following exchange took place:

> [Counsel for Mr. Perez][3]: I am still a little unclear on what [the Commonwealth] is proceeding on if you want to talk about that.
>
> [**Counsel for Appellant**]: *Everything*.
>
> THE COURT: I've got Aggravated Assault.
>
> [Commonwealth]: Attempted Murder.
>
> THE COURT: Attempted murder, [s]imple [a]ssault, [r]ecklessly [e]ndangering [a]nother [p]erson.
>
> [Commonwealth]: I probably won't move on the [s]imple [a]ssault on anybody.
>
> THE COURT: 6108 and PIC, **and conspiracy** on his [*sic*].

Notes of Testimony (N.T.), 01/18/2012, at 28 (emphasis added). Thus, Appellant was aware, at the commencement of trial, that the Commonwealth intended to pursue a conspiracy charge against him. Thereafter, during closing arguments, counsel for Appellant specifically referenced the conspiracy charge. **See** N.T., 01/25/2012, at 90-91. Moreover, the trial court instructed the jury on the conspiracy charge without objection. **Id.** at 135-37. At each of these critical points, Appellant failed to challenge the Commonwealth's right to proceed with a conspiracy charge. Accordingly, we deem the issue waived. **See, e.g.**, **Commonwealth v. Robinson**, 670

---

[3] **See supra** n.2.

A.2d 616, 620 (Pa. 1995) (collecting cases holding that failure to raise issue before the trial court results in waiver); Pa.R.A.P. 302.

Appellant also challenges the sufficiency of the evidence to sustain his conviction for firearms not to be carried without a license. We review a challenge to the sufficiency of the evidence *de novo*. **Commonwealth v. Robinson**, 128 A.3d 261, 264 (Pa. Super. 2015) (*en banc*). "[O]ur scope of review is limited to considering the evidence of record, and all reasonable inferences arising therefrom, viewed in the light most favorable to the Commonwealth as the verdict winner." **Id.** (citation omitted).

The crime is defined as follows:

> [A]ny person who carries a firearm in any vehicle or any person who carries a firearm *concealed on or about his person*, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree.

18 Pa.C.S. § 6106(a)(1) (emphasis added).

According to Appellant, the evidence merely established that he "came down the street with guns blazing." Appellant's Brief at 10. Thus, Appellant asserts, there was no evidence of concealment. **Id.**

Appellant's claim is without merit. It is well established that whether a defendant concealed a firearm on his person is a question for the fact-finder, who may infer concealment from the evidence presented. **Commonwealth v. Nickol**, 381 A.2d 873, 877 (Pa. 1977). Here, an eyewitness to the incident, Ms. Tamika Dennis, testified that she saw Appellant walking on the

street, recognized him, described his clothing, but failed to describe Appellant carrying or brandishing a firearm upon first noticing him. N.T., 01/19/2012, at 11-13. Ms. Dennis looked away, but upon hearing shots fired, she looked up and saw Appellant and his co-conspirator holding handguns. *Id.* at 13. Based upon this evidence, and our standard of review, the jury could infer that Appellant concealed his firearm prior to commencing his assault. *Robinson*, 128 A.3d at 264; *Nickol*, 381 A.2d at 877.

For these reasons, Appellant is entitled to no relief. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/29/2016